IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

| | |
|---|---|
| VICTORIANO BIURQUES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CARGILL, INCORPORATED, | ) |
| (Foreign for Profit) | ) |
| | ) |
| Defendant | ) |

**COMPLAINT**

Plaintiff, VICTORIANO BIURQUES, by and through counsel, William L. Barr, Jr. and Tony L. Atterbury, of Bull Attorneys, P.A. and for his claims against Defendant, CARGILL, INCORPORATED (CARGILL), alleges and states as follows:

1. Plaintiff, VICTORIANO BIURQUES, resides and is a citizen of the city of Wichita, Sedgwick County, Kansas.

2. Defendant, CARGILL, is a Delaware corporation, which has its principal place of business at 15407 McGinty Road West, Wayzata, MN 55391, a state other than Kansas where the Plaintiff is a citizen. It may be served in Kansas through its registered agent United Agent Group at its registered office at 4601 Douglas Avenue #700, Wichita, KS, 67218.

3. Defendant, CARGILL, operates its business in Kansas and throughout the United States.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. At all times herein relevant, Defendant, CARGILL, owned, controlled, managed, and

1

maintained a CARGILL Soy Bean Processing Plant at 1401 N. Mosely in Wichita, KS.

6. Prior to and on March 2, 2021, Defendant, CARGILL, required drivers delivering soy beans to the above-mentioned Soy Bean Processing Plant to drive their trucks onto a weighing platform to be weighed before unloading.

7. Prior to and on March 2, 2021 a large gap existed between the weighing platform where trucks would park and the platform on which drivers could stand outside of their vehicles at the above-mentioned Soy Bean Processing Plant facility while their trucks were weighed.

8. At all times herein relevant, Defendant, CARGILL, was aware of the safety hazard this opening presented to drivers who were required to climb down from their vehicles and across this opening in order to stand outside of their vehicle at the above-mentioned facility while their trucks were weighed and unloaded.

9. Prior to and on March 2, 2021 Defendant, CARGILL, trained its employees at the above-mentioned Soy Bean Processing Facility to instruct delivering drivers to step out of their trucks on to the platform and await unloading instructions which would be given to them by Defendant, CARGILL, employees.

10. On or about March 2, 2021 Plaintiff, VICTORIANO BIURQUES, was delivering soy beans to the above-mentioned facility owned and controlled by Defendant, CARGILL.

11. On or about March 2, 2021 Plaintiff, VICTORIANO BIURQUES, was directed by employees of Defendant, CARGILL, to drive his semi-tractor trailer truck onto the weighing platform at the above-mentioned Soybean Processing Facility.

12. On or about March 2, 2021 after driving his semi-tractor trailer truck onto the weighing platform as directed Plaintiff, VICTORIANO BIURQUES, was instructed by employees of Defendant, CARGILL, to get out of his vehicle which was on the weight scale platform.

13. On or about March 2, 2021, and at all times herein relevant, Plaintiff, VICTORIANO BIURQUES, was in the exercise of reasonable care for his own safety.

14. On or about March 2, 2021 employees of Defendant, CARGILL, did not warn Plaintiff, VICTORIANO BIURQUES, of the gap that separated the weight scale platform from the platform where he was to stand while his cargo was weighed.

15. On or about March 2, 2021 employees of Defendant, CARGILL, did not cover the gap that separated the weight scale platform from the platform where he was to stand while his cargo was weighed.

16. On or about March 2, 2021 while climbing down from his truck as he had been instructed by Defendant, CARGILL, employees Plaintiff, VICTORIANO BIURQUES, fell into the above-mentioned gap between the weighing platform and the platform on which he had been directed to stand by employees of Defendant, CARGILL, and was severely injured.

17. At all times herein relevant Defendant, CARGILL, was liable vicariously for the actions of its employees based on the doctrine of *Respondeat Superior and Vicarious Liability*.

19. At the abovementioned time and place and at all other times herein relevant, Defendant, CARGILL, individually or by and through its employees who were acting in the course and scope of their agency as the agents of Defendant, CARGILL, wantonly, negligently, and recklessly committed one or more of the following acts or omissions:

    a) Failed to maintain the subject premises in a reasonably safe condition;

    b) Failed to correct and known hazardous condition on its premises;

    c) Failed to train its employees to warn delivery drivers of a known hazardous condition on its premises;

    d) Failed to cover a known hazardous condition on its weight scale platform;

    e) Failed to warn delivery drivers of a known hazardous condition on its weight scale;

    f) Created a dangerous condition on its premises for delivery drivers climbing down from their vehicles;

    g) Allowed a known fall hazard at the weight scale platform of its premises to exist;

    h) Was otherwise negligent in its maintenance and operation of the subject premises;

    i) Committed additional negligent actions and omissions that will be supplemented after discovery is complete.

20. As a proximate result of one or more of the above mentioned negligent, carless, and wrongful acts and or omissions, as well as reckless disregard for the safety of Drivers delivering product to its facility, Plaintiff, VICTORIANO BIURQUES, was proximately caused to fall and was severely injured. He suffered a right tibia plateau fracture consisting of a displaced fracture of the lateral condoyle of the right tibia, joint effusion, nerve tissue damage, and he may have had aggravated pre-existing conditions, and was otherwise permanently injured. He has undergone a surgical open reduction to set his displaced tibial fracture. He has suffered and will suffer great pain, disablement, disfigurement, has incurred and will incur great medical expense, and has lost wages. He has and will suffer the loss of enjoyment of life. For the aforementioned damages, Plaintiff, VICTORIANO BIURQUES, has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

25. As a proximate result of the negligent or wanton acts and omissions of Defendant, CARGILL, Plaintiff's wife has suffered the loss of his aid, companionship, and consortium.

WHEREFORE, Plaintiff, VICTORIANO BIURQUES, prays for judgment against Defendant, CARGILL in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

**BULL ATTORNEYS, P.A.**

*/s/ Tony L. Atterbury*
Tony L. Atterbury #20314
*/s/ William L. Barr*
William L. Barr, #26775
10111 E. 21st Street, Suite 204
Wichita, Kansas 67206
316-684-4400/Fax : 316-684-4405
bill@bullattorneys.com
*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury of twelve (12) persons in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

*/s/ Tony L. Atterbury*
Tony L. Atterbury, #20314